FILED

2013 JUN 25 PM 3:08

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY

SMITH PATTEN
SPENCER F. SMITH (SBN: 236587)
DOW W. PATTEN l (SBN:135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 520-6950
Facsimile (415) 402-0084

Attorney for Plaintiffs
BLUE DIAMOND RENEWABLES, L.L.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE DIAMOND RENEWABLES, L.L.C., a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>GE ENERGY FINANCIAL SERVICES, a division of GENERAL ELECTRIC COMPANY, a New York Corporation, SOUTHERN CALIFORNIA EDISON COMPANY, a California Corporation, MAGIC JOHNSON ENTERPRISES, INC., an Illinois Corporation, and DOES 1-10.<br><br>Defendants. | CASE NO. CV13-04611-RSWL (JCGx)<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) PROMISSORY ESTOPPEL**<br><br>**(2) BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**<br><br>**(3) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**(4) NEGLIGENT MISPREPRESENTATION** |

BY FAX

Plaintiff, BLUE DIAMOND RENEWABLES, L.L.C. (hereinafter "Blue Diamond") files this Complaint, and complains of the named Defendants, and each of them, jointly and severally, and for causes of action, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) based upon diversity of parties.

2. The amount in controversy in this matter exceeds the jurisdictional amount of this Court as set forth in 28 U.S.C. § 1332(a).

3. Venue is proper in this Judicial District has the acts and omissions upon which the claims set forth herein are based took place within this judicial district.

4. Defendant GE ENERGY FINANCIAL SERVICES, a division of GENERAL ELECTRIC COMPANY ("GE") is a New York Corporation, in the business of development and financing of energy projects.

5. Defendant SOUTHERN CALIFORNIA EDISON COMPANY ("SCE") is a California Corporation, licensed to and doing business within this judicial district as a public utility.

6. Defendant MAGIC JOHNSON ENTERPRISES, INC. ("MJE") is an Illinois Corporation, licensed to and doing business within this judicial district.

## THE PARTIES

7. Plaintiff BLUE DIAMOND, LLC is a Texas limited liability company engaged in the development of renewable energy generation and transmission projects.

8. Defendant GE ENERGY FINANCIAL SERVICES, a division of GENERAL ELECTRIC COMPANY ("GE") is a New York Corporation, in the business of development and financing of energy projects.

9. Defendant SOUTHERN CALIFORNIA EDISON COMPANY ("SCE") is a California Corporation, licensed to and doing business within this judicial district as a public utility.

10. Defendant MAGIC JOHNSON ENTERPRISES, INC. ("MJE") is an Illinois Corporation, licensed to and doing business within this judicial district.

11. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and Plaintiff therefore sues such defendants by such fictitious names.

12. Plaintiff will amend this complaint to allege the fictitiously named defendants' true names and capacities when ascertained.

13. Plaintiff is informed and believe and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's injuries and damages as alleged herein were proximately caused by such aforementioned defendants

14. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants was acting as the partner, agent, servant, and employee of each remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining defendants, and that each defendant is responsible for the occurrences, acts and omissions of each other defendant complained of herein.

**FACTS COMMON TO ALL CAUSES OF ACTION**

15. Blue Diamond is one of the very few minority-owned renewable energy companies in the United States engaged in the business of developing, financing, and promoting sources of renewable energy for utilities in the United States, and is a member of and has participated since 2005 in the American Association of Blacks In Energy ("AABE").

16. Blue Diamond, along with its affiliates, has nearly 15 years of experience in the renewable energy sector, including analysis and development of wind, solar, biofuels, biomass energy and Waste to Energy. Much of Blue Diamond's experience is in project cost modeling and analysis, contract review, contract execution, scheduling, substation, interconnection, collection, and transformer termination.

17. As part of its renewable energy business development work, Blue Diamond, along with its affiliates, have engaged in large scale wind energy project development; including landowner co-operation agreements, environmental studies, Conditional Use Permitting, Enterprise Zoning, Power Purchase and Interconnection Agreements, Utility interface coordinating substation and interconnection, construction permits, coordinating surveys, subcontractor selection and contracting.

18. Through the AABE's Entrepreneur and Supplier Diversity Initiative, Blue Diamond was actively recruited by Defendant SCE to engage in renewable energy development projects which

would provide sustainable, renewable energy to SCE's ratepayers through SCE's Southern California service area.

19. In 2011 and 2012 Blue Diamond worked with Defendant GE on the development of renewable energy projects in the Western United States for delivery of electricity to Defendant SCE's ratepayers, among others. As part of that development in 2011, Blue Diamond worked closely in with GE in developing landowner co-operation agreements, environmental studies, Conditional Use Permitting, Enterprise Zoning, Power Purchase and Interconnection Agreements, Utility interface and the coordination substation and interconnection.

20. In the Spring of 2011, Blue Diamond submitted a response to Defendant SCE's Request for Proposal for renewable power sources for SCE to fulfill California State Law requirements for percentages of renewable sources of electricity. Although the Blue Diamond proposal was not short-listed at that time, SCE invited Blue Diamond to participate outside the RFP process in bilateral negotiations for a Power Purchase Agreement.

21. Upon information and belief, Defendant SCE has no contracts to purchase power from a certified African-American minority-owned power provider.

22. As a certified minority-owned business, Blue Diamond offers the opportunity to both suppliers and purchasers of energy to obtain contractual preferences and tax advantages not available in contracts with non-minority owned businesses.

23. In January, 2012, Blue Diamond, with GE's support, began negotiations to develop a renewable energy proposal, based upon Blue Diamond's previous submittal of a proposal to SCE for a Power Purchase Agreement having negotiated bi-laterally with SCE for approval of that project outside the normal RFP process.

24. Throughout the first half of 2012, Blue Diamond proceeded to expend substantial sums on travel and project development to develop, and negotiate a renewable energy Power Purchase Agreement with SCE, with funding through GE and Blue Diamond investors.

25. On April 4, 2012 John Jones Managing Director of General Electric Energy Financial Services provided Blue Diamond and its attorney a step by step set of charts showing the progression of the renewable energy transaction from then through the commercial operation,

and included covenants that Blue Diamond maintain 100% ownership by minority-owned business qualifying individuals, as part of the process of entering into a Letter of Intent for the project.

26. In 2011, Blue Diamond negotiated on a bilateral basis—outside SCE's ordinary RFP process—with SCE a pricing structure between $95.00 and $100.00 per megawatt on its previous renewable energy project; whereas, GE initially submitted a bid of $67.00 per megawatt its COHI Wind Project, but was unable to obtain approval from SCE for this proposal, and were not "short-listed" for that response to SCE's RFP.

27. On April 12, 2012 John Jones Managing Director of General Electric Energy Financial Services, wrote to Blue Diamond's management requesting that Blue Diamond sign a non-disclosure agreement in place before preparing the Letter of Intent.

28. That same day Blue Diamond executed the non-disclosure agreement and Mr. Jones returned a signed copy of the non-disclosure agreement to Plaintiff.

29. On April 23, 2012 General Electric executed a Letter of Intent with Blue Diamond for a renewable energy project with SCE: a 250 megawatt solar photo-voltaic project in the State of California, interconnecting with the CAISO system within SCE's service territory. The project was called the "Blue Diamond Solar Facility" (the "Project").

30. The LOI called for the creation of a jointly-owned company to develop, own, and operate the project, ProjectCo. to be jointly owned by Blue Diamond (51%) and GE (49%), with Blue Diamond to maintain majority-ownership and managing member status in order to maintain ProjectCo's status as a minority-owned and controlled business.

31. According to the LOI, ProjectCo would enter into a 20 year or longer Power Purchase Agreement with SCE for the project.

32. Pursuant to the LOI, Blue Diamond agreed to negotiate exclusively with GE and keep confidential the business plans and terms of the LOI.

33. Pursuant to the LOI, Blue Diamond Blue Diamond also agreed to terminate any pending discussions regarding any alternative proposal regarding the project.

34. Pursuant to the LOI, Blue Diamond agreed not to authorize nor permit any of its representatives to solicit or initiate any agreement with respect to any alternative proposal or engage in any discussions with any person with respect to any alternative proposal.

35. Pursuant to the LOI, Blue Diamond agreed to a unilateral 180 day exclusivity period, from April 26, 2012 through October 23, 2012; wherein, Blue Diamond would terminate all existing negotiations of all renewable energy projects and forbear from the development of any new projects during the exclusivity period.

36. On April 26, 2012 Blue Diamond contacted the office of SCE's Vice President of Supply Management Walter Rhodes outlining the proposed 250 MW Blue Diamond Solar Project. During that meeting, Blue Diamond explained that the transaction would include the purchase of First Solar's 150 MW Willow Springs Project and First Solar's 100 MW Rosamond project, which projects were in the final stages of approval and permitting.

37. The Blue Diamond Solar project, including the Power Purchase Agreement with SCE was intended to be the first African-American-owned large-scale generation project in the history of SCE or any commercial utility company in the United States, and would have assisted SCE in complying with the California Public Utilities Commission General Order 156, mandating minority participation.

38. On April 26, 2012, John Jones, Managing Director of General Electric Energy Financial Services, wrote to Blue Diamond confirming that GE and First Solar signed an LOI for the purchase and sale of First Solar's 150 MW Willow Springs project and their 100 MW Rosamond project as part of Blue Diamond Solar Project.

39. On June 13, 2012, a representative from SCE contacted Blue Diamond to inform Blue Diamond that SCE would like to include Magic Johnson Enterprises in the renewable energy project.

40. On June 25, 2012, Blue Diamond met with SCE's Vice President of Supply Management Walter Rhodes and representatives of Magic Johnson Enterprises ("MJE"), including Irving "Magic" Johnson and Eric Holoman regarding the Blue Diamond Solar Project and the Power Purchase Agreement.

41. During the dinner meeting with MJE on June 25, 2012, Mr. Rhodes informed Blue Diamond that he, as a Vice President of SCE wanted the deal completed before the end of August 2012, so that the California Public Utilities Commission could approve the deal and SCE could get the transaction on its books by the end of the year.

42. At the dinner, MJE and Rhodes demanded that Blue Diamond alter its agreement concerning the Blue Diamond Solar Project with GE, including a change in the ownership of ProjectCo to provide that MJE would have a 10% ownership stake in ProjectCo.. Neither Rhodes nor MJE representatives Irving "Magic" Johnson and Eric Holoman provided any business reason for the demand other than the claim that MJE would bring "name equity" to the project. Indeed, MJE representative acknowledged that MJE had no experience or operations in the energy sector, let alone the renewable energy sector.

43. During the dinner meeting, Blue Diamond resisted the attempts to force MJE into the Blue Diamond Solar Project and the attempt to dramatically alter the ownership structure of ProjectCo by reducing Blue Diamond's ownership interest to a non-controlling interest in ProjectCo.

44. Had Blue Diamond acceded to the demand by MJE and Rhodes that MJE be granted a 10% ownership stake in ProjectCo., Blue Diamond would have breached the exclusivity provisions of the LOI, by negotiating with another entity to become an owner of ProjectCo.

45. Had Blue Diamond acceded to the demand by MJE and Rhodes that MJE be granted a 10% ownership stake in ProjectCo., Blue Diamond would have had to breach the confidentiality provisions of the LOI, by disclosing information to another entity concerning ProjectCo.

46. Had Blue Diamond acceded to the demand by MJE and Rhodes that MJE be granted a 10% ownership stake in ProjectCo., Blue Diamond would have given up its majority interest in ProjectCo.; thereby placing at risk ProjectCo.'s minority-owned status.

47. After the dinner meeting between MJE, Mr. Rhodes, and Blue Diamond, Mr. Rhodes contacted representatives of GE and made statements of fact concerning Blue Diamond that were false with the intent of scuttling the ProjectCo. deal.

48. On July 24, 2012 John Jones Managing Director of General Electric Energy Financial Services terminated the Letter of Interest dated April 23, 2012, alleging that the Blue Diamond Solar Project was taking too long to close, despite the fact that the LOI by its terms contemplated a longer time period.

**FIRST CLAIM**
**PROMISSORY ESTOPPEL**
**(Alleged Against Defendant GE and Does 1-5)**

49. As a first, separate and distinct claim, Plaintiff alleges against Defendant GE and Does 1-5 and for a claim alleges as follows.

50. Defendant GE made certain promises and incurred certain obligations in entering into the LOI with Blue Diamond; to wit, that GE would create ProjectCo with Blue Diamond for the development of the Blue Diamond Solar Project, and would do so according to an established timeline, thereby permitting Blue Diamond to secure a Power Purchase Agreement for the Blue Diamond Solar Project.

51. At the time that GE entered into the LOI with Blue Diamond GE reasonably expected its promises to induce Blue Diamond to take action; to wit, to incur costs associated with the analysis, planning, and negotiation of the Power Purchase Agreement with SCE or another utility and to incur consulting and professional services costs in preparing for the creation and financing of ProjectCo.

52. At the time that GE entered into the LOI with Blue Diamond GE reasonably expected its promises to induce Blue Diamond to forbear development of any other renewable energy projects and to not deal directly with First Solar concerning its Willow Springs and Rosamond projects.

53. Without prior notice to Blue Diamond nor any opportunity to cure any purported defects in Blue Diamond's performance, and nearly three (3) months prior to the termination of the timeline and exclusivity period set forth in the LOI, GE unilaterally and prematurely ended the LOI and the ability of Blue Diamond to complete its negotiations with SCE for a Power Purchase Agreement for the Blue Diamond Solar Project.

54. In reliance upon the provisions of the LOI, including the timeline and exclusivity period set forth therein, the confidentiality provisions of the LOI and the Non-Disclosure Agreement, Blue Diamond incurred substantial transactional costs in analyzing, planning, and negotiating a Power Purchase Agreement with SCE, including incurring consulting and professional fees and services, travel and meeting costs, in order to fulfill Blue Diamond's obligations under the LOI.

55. In reliance upon the provisions of the LOI, including the timeline and exclusivity period set forth therein, the confidentiality provisions of the LOI and the Non-Disclosure Agreement, Blue Diamond terminated all other existing negotiations on all renewable energy projects, as the 180 exclusivity provision would preclude the development of any other renewable energy projects during that period, forbearing from negotiating on its own behalf with First Solar for its Willow Springs and Rosamond installations and other renewable energy opportunities.

56. Blue Diamond's reliance upon the promises of Defendant GE was reasonable and foreseeable.

57. As a direct and proximate result of GE's termination of the LOI, Blue Diamond has suffered damages.

WHEREFORE, Plaintiff has been damaged and prays judgment as set forth below.

**SECOND CLAIM**
**BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**
**(Alleged Against Defendant GE and Does 1-5)**

58. As a second, separate and distinct claim, Plaintiff alleges against Defendant GE and Does 1-5 and for a claim alleges as follows.

59. Plaintiff reallages and incorporates the factual allegations of paragraphs 1 through 56 of this Complaint as though fully set forth herein.

60. Plaintiff and GE entered into the LOI with Blue Diamond on or about April 26, 2012.

61. Blue Diamond did all, or substantially all of the significant things that the contract required it to do, including negotiation in good faith of a minority-owned Power Purchase Agreement with a public utility, refraining from negotiating with any other entity concerning the

Blue Diamond Solar Project, the negotiation of the required capital participation in ProjectCo., and preparing the elements necessary to form and implement ProjectCo.

62. All conditions required for GE's performance under the LOI had occurred; specifically, Blue Diamond had prepared and submitted all necessary forms and documents for the Power Purchase Agreement with SCE, had made the necessary preparations for the formation of ProjectCo.

63. GE unfairly interfered with Plaintiff's right to receive the benefits of the contract by terminating it prior to the expiration of the exclusivity period and timeline set forth therein.

64. Plaintiff was harmed by Defendants' conduct.

65. The law imposed duties on GE in connection with the LOI to act fairly and in good faith towards plaintiff. GE covenanted to give full cooperation to Blue Diamond in its performance under the LOI and to refrain from any act which would prevent or impede any of the conditions of the LOI from being performed, which would deny the LOI, or which would prevent Blue Diamond from receiving the benefits of the LOI.

66. On or about July 24, 2012, GE breached these duties imposed by law in connection with LOI by interfering with the agreement without probable cause and in bad faith.

67. Plaintiff suffered damages legally caused by the bad faith including consulting and professional services expenses, travel, and time, loss of opportunity, and loss of profit.

68. The aforementioned acts of Defendants GE and Does 1-5, and each of them, were willful, oppressive, fraudulent, and malicious. Blue Diamond is therefore entitled to punitive damages against Defendants GE and Does 1-5.

WHEREFORE, Plaintiff has been damaged and prays judgment as set forth below.

**THIRD CLAIM**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**(Alleged Against Defendants SCE, MJE, and Does 6-10)**

69. As a third, separate and distinct claim, Plaintiff alleges against Defendants SCE, MJE, and Does 6-10, and for a claim alleges as follows.

70. Plaintiff reallages and incorporates the factual allegations of paragraphs 1 through 66 of the Complaint as though fully set forth herein.

71. At the time of the entry of the LOI, a legally cognizable prospective economic advantage to Blue Diamond was presented by the LOI and the attendant relationships with First Solar's 150 MW Willow Springs and100 MW Rosamond projects, and the Power Purchase Agreement with SCE.

72. At all relevant times Defendants SCE, MJE and Does 6-10 knew of the existence of the LOI and the reasonable expectations of economic advantage represented by the Non-Disclosure Agreement, the LOI and the attendant relationships in the renewable energy sector held by Blue Diamond.

73. Defendants S SCE, MJE and Does 6-10 intentionally interfered with Blue Diamond's reasonable expectations of economic advantage by engaging the acts set forth above.

74. As a direct and proximate result of Defendants SCE, MJE and Does 6-10's conduct, Blue Diamond has been damaged by the intentional conduct as set forth below.

75. The aforementioned acts of Defendants SCE, MJE and Does 6-10, and each of them, were willful, oppressive, fraudulent, and malicious. Blue Diamond is therefore entitled to punitive damages against Defendants SCE, MJE and Does 6-10.

WHEREFORE, Plaintiff has been damaged and prays judgment as set forth below.

**FOURTH CLAIM**
**NEGLIGENT MISREPRESENTATION**
**(Alleged Against Defendants GE, SCE, Does 1-10)**

76. As a fourth, separate and distinct claim, Plaintiff alleges against Defendants GE, SCE, and Does 1-10, and for a claim alleges as follows.

77. Plaintiff reallages and incorporates the factual allegations of paragraphs 1 through 71 of the Complaint as though fully set forth herein.

78. GE and SCE told Blue Diamond that Blue Diamond was proceeding in fulfilling the terms of the LOI in a manner which defendant GE and SCE considered satisfactory, and that

progress on the development of the Blue Diamond Solar project would remain secure if Plaintiff continued to negotiate in good faith with SCE and GE.

79. In fact, defendants GE and SCE later professed to have considered Blue Diamond's ability to perform at that time to be unsatisfactory. To the extent that statement was true, the representations by defendants were untrue, and these defendants made the representations without any reasonable ground for believing them to be true.

80. These defendants made these representations for the purpose of inducing Blue Diamond to rely upon them and to act or refrain from acting in reliance upon them.

81. Blue Diamond reasonably believed that it was performing under the LOI to the satisfaction of GE and SCE, and that the benefits of the LOI would remain secure if Blue Diamond continued to perform under the LOI in the same manner. Blue Diamond acted in justifiable reliance on defendants' representations by, among other things, continuing to negotiate under the LOI and to deal exclusively with GE, terminate all other negotiations, develop no other projects during the exclusivity period, and forbearing the possibility of developing renewable energy elsewhere.

82. In reliance on the representations of Defendants, Blue Diamond justifiably did not take action to secure the First Solar's 150 MW Willow Springs project and the 100 MW Rosamond project for Blue Diamond's own benefit.

83. Plaintiff did not discover the negligent misrepresentation practiced upon Blue Diamond by defendants until after the LOI was revoked by GE nearly three (3) months prior to the termination of the LOI's timeline provisions.

84. Plaintiff suffered damages legally caused by the negligent misrepresentation as set forth below.

WHEREFORE, Plaintiff has been damaged and prays judgment as set forth below.

## PRAYER

Wherefore plaintiff prays for judgment against defendants, and each of them, as follows:

1. For a money judgment representing compensatory damages , according to proof;
2. For a money judgment for lost opportunity, according to proof;
3. For an award of punitive damages, according to proof;
4. For costs of suit and attorney fees;
5. For prejudgment and postjudgment interest;
6. For any other relief that is just and proper

SMITH PATTEN

Dated: June 25, 2013

DOW W. PATTEN
Attorneys for Plaintiff
BLUE DIAMOND RENEWABLES, LLC

**JURY DEMAND**

Plaintiff hereby demands trial by jury of all matters so triable.

SMITH PATTEN

Dated: June 25, 2013

DOW W. PATTEN
Attorneys for Plaintiff
BLUE DIAMOND RENEWABLES, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

**CV13- 4611 RSWL (JCGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [✓] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address: Spencer F. Smith
Dow W. Patten
SMITH PATTEN
353 Sacramento St., Suite 1120
San Francisco, CA 94111

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

BLUE DIAMOND RENEWABLES, L.L.C. a Texas Limited Liability Company

PLAINTIFF(S)

v.

GE Energy Financial Services, a division of General Electric Company, a New York Corporation Southern California Edison Company, a California Corporation Magic Johnson Enterprises, Inc., an Illinois Corporation, and Does 1-10.

DEFENDANT(S).

CASE NUMBER

CV13-04611-RSWL(JCGx)

**SUMMONS**

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, SMITH PATTEN, whose address is 353 Sacramento St., Suite 1120 San Francisco, California 94111. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 6/25/2013

By: MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

SEAL U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

BLUE DIAMOND RENEWABLES, L.L.C.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

GE ENERGY FINANCIAL SERVICES, a division of GENERAL ELECTRIC COMPANY, a New York Corporation, SOUTHERN CALIFORNIA EDISON COMPANY, a California Corporation, MAGIC JOHNSON ENTERPRISES, INC., an Illinois Corporation, and DOES 1-10

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Spencer F. Smith Dow W. Patten
SMITH PATTEN
353 Sacramento St., Suite 1120 San Francisco, CA 94111
(415)402-0084

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

BY FAX

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** __________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. section 1332(a) (1) Diversity, Promissory Estoppel, Breach Of The Duty Of Good Faith and Fair Dealing, Tortious Interference With Prospective Economic Advantage, and Negligent Misrepresentation.

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/Etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Org.
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Info. Act
- ☐ 896 Arbitration
- ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- ☐ 153 Recovery of Overpayment of Vet. Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpratice
- ☐ 365 Personal Injury-Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accomodations
- ☐ 445 American with Disabilities-Employment
- ☐ 446 American with Disabilities-Other
- ☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405 (g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY: Case Number: CV13-04611

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | BLUE DIAMOND RENEWABLES L.L.C., a Texas Limited Liability Company |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SOUTHERN CALIFORNIA EDISON COMPANY, a California Corporation, Los Angeles County | GE ENERGY FINANCIAL SERVICES, a division of GENERAL ELECTRIC COMPANY, a New York Corporation, MAGIC JOHNSON ENTERPRISES, INC., an Illinois Corporation |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: 06/25/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |